

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
*ATTORNEY GENERAL*

September 22, 1948

Hon. C.H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness:

Opinion No. V-689

Re: Legislator teaching at State
supported school; effect of
Sections 33 and 40 of Article
XVI of the Texas Constitution.

You state that your audit of a State college reveals
that a member of the Legislature was employed as a member of
the faculty. He served as a faculty member during the two-year
term for which he was elected to the Legislature, but only dur-
in its recess. He was not so employed by the College during
Legislative sessions. During part of such employment, he was
paid at the College out of the State Treasury by warrant. At the
time of your letter, he was not being so paid, but was being paid
out of local funds or receipts of the College. You wish to know
(1) whether either or both such payments were legal; and (2) if
they were illegal, what steps should be taken.

Your question is one arising out of one person's hold-
ing two places of employment under the State simultaneously;
i.e., legislator and faculty member of a State-supported college.

Section 40 of Article XVI of the Texas Constitution
reads:

"No person shall hold or exercise, at the
same time, more than one civil office of emolu-
ment......."

Section 33 of the same Article provides:

"The accounting officers of this State shall
neither draw nor pay a warrant upon the Treasury
in favor of any person, for salary or compensation
as agent, officer or appointee, who holds at the

same time any other office or position of honor,
trust or profit under this State or the United
States . . ."

Section 40 above quoted has reference only to "offices" of the State. It states that, "No person shall hold . . . more than one civil office . . ." There is a well recognized distinction between a person who holds an "office" and a person who is an employee. Briefly stated, an officer exercises some governmental function; he is invested with some portion of the sovereignty. He is generally required to take an oath, and a bond is frequently required. His duties are generally fixed by law. An "employee," on the other hand, has such duties as are fixed by contract or assigned to him by an officer; he is generally subject to discharge at the will of the officer. See Loard v. Como, 137 S.W.(2d) 880, writ refused; Knox v. Johnson, 141 S.W.(2d) 698, writ refused; Meecham on Public Officers, Ch. 1; and Attorney General's Opinions V-303, V-308, V-325, and V-462.

A Legislator unquestionably holds a civil office of emolument. Mr. Justice Greenwood of the Texas Supreme Court in Terrell v. King, 118 Tex. 237, 14 S.W.(2d) 786, wrote:

"The office of representative or senator
is an office of honor, trust and profit under this
State . . ."[1]

The Legislator holds such office during the entire two-year term for which he was elected, even though the Legislature may be in session for only a portion of such period.

A teacher or professor of a college, however, is not a State "officer." He is an employee. In an Attorney General's opinion by C. M. Cureton, later Chief Justice of our Supreme Court, a Lieutenant Governor desired to accept a position on the faculty of The University of Texas.[2] With reference to the status of a professor, the opinion reads:

---

[1] For similar rulings by the Attorney General, see opinions Nos. V-308, O-6578, and O-6458.

[2] Report and Opinion of the Attorney General, 1912-14, page 873.

". . . a professor . . . secures his appoint-
ment from the Board of Regents, with whom he
contracts. . . . (He) takes no oath . . . executes
no bond, and is subject to discharge at any time.

"We think it clear . . . that he could only
be classed as an employee . . . and not as an of-
ficer."[3]

The prohibition of Section 40, above, is addressed to
the simultaneous holding of two "offices". It has been many times
construed not to prohibit the simultaneous holding of an office and
an employment under the Government. Thus it has been held in
former opinions that, as a matter of pure eligibility, a Legislator
could also serve as a printer for the Federal Government (0-3542);
as an employee of the Federal Civil Service (0-5317); as a trustee
of a school district, the latter not being an office of emolument
(0-6265); as an executive officer for the Board of Vocational Edu-
cation (0-6458); as an employee of a River Authority (0-6578); and
as executive secretary to a Board of Regents (V-308). Similarly,
Section 40 does not prohibit the holding of two positions as an em-
ployee. Thus it has been held that a professor may also serve as
city official (0-371); on the Merit Council of T.U.C.C. (0-2601); as
a public school teacher (0-4902); on the Tire Ration Board (0-4458);
and as a member of a State Seed and Plant Board (0-4562).

Therefore, since the person in question occupies but
one "office," he is not prohibited by Section 40 from also being
employed by a State-supported college. And, conversely, he may
serve as Legislator while being so employed.

_____

[3] This is in accord with the weight of authority in other states.
The annotation in 75 A.L.R. 1355 concludes: "The courts are
almost unanimous in holding that the position of a teacher is
that of employee, resting on contract." And 14 C.J.S. 1356
states: ". . . ordinarily a professor is not an officer, but oc-
cupies merely a contractual position as an employee." See
also Butler v. Bd. of Regents, U. of Wisconsin (1873), 32 Wis.
124; Hartigan v. W. Va. University (1901), 49 W. Va. 14, 38 S.
E. 698; Talbott v. Public Service Comm. (1942), 291 Ky. 109,
163 S.W.(2d) 33; State v. Ford (1944), 116 Mont. 190, 151 P.(2d)
171; 55 Am. Jur. 9.

However, even though the same person may legally occupy both places under Section 40, the matter of his compensation presents an additional question. Section 33 of Article XVI, above referred to, applies not only to officers but to employees. It provides:

"The Accounting Officers of this State shall neither draw nor pay a warrant on the Treasury in favor of any person . . . who holds at the same time any other office or position of honor, trust or profit under this State or the United States ..."

It has been ruled many times that a faculty member of a State college holds "a position of honor, trust or profit under this State." In the opinion by Cureton, above referred to, it was held that if the Lieutenant Governor Mayes accepted the position of professor of journalism at The University of Texas, he could be paid for neither job. Similarly, a professor of the University could not be paid from the Treasury for Legislative duties while teaching in the Austin Public Schools (Opinion V-325). The same has been held with reference to the dual employment of faculty members of Texas A. & M.[4], Texas Tech[5], and the Dental College[6], the Medical College[7], and Texas A. & I.[8]

Similarly, under this provision, it has been ruled that, while a Legislator could be otherwise legally employed, he could not be paid by warrant on the Treasury while occupying a position as Executive Secretary to a Board of Regents (V-308); or while serving as Executive Officer for the State Board of Vocational

---

[4] Where such faculty members also served on the Merit Council of the T.U.C.C. (0-2601); as a member of State Seed and Plant Board (0-4562); as a member of Cotton Research Committee (0-5821); or as a member of State Pink Woolworm Committee (0-5608).

[5] College faculty member and high school teacher in Lubbock (0-4902 and 0-4433).

[6] Dean of the College and member of State Board of Health (0-5281).

[7] Professor and Consultant of a State Venereal Disease Clinic. (0-5525).

[8] Professor and trustee of a school district. (0-2991).

Education (0-6458); or while holding a position with the Federal Civil Service (0-5317); or the Federal Typhus Control (0-7813); or as a U. S. Government printer (0-3542).

The Legislator, therefore, was not entitled to be paid by warrant from the Treasury for services at the State college, under Section 33.

What has heretofore been written has dealt only with the payments to the faculty member by warrant on the State Treasury. You further ask what the legal situation is with reference to payments made by other than State warrants; i.e., payment out of local funds.

A portion of Section 33 is repeated here so that its specific wording with reference to such distinction may be noted. It reads:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury..."

The prohibition is directed at payments out of the State Treasury on warrants issued and paid by the State's Accounting Officers. For reasons best known to the Legislature, it has provided that receipts collected at the various colleges may be retained locally by the colleges in banks of their own choosing. Such money is not required to be sent to Austin to the State Treasury. The statutes with reference to the deposit of money in the Treasury and its withdrawal therefrom have not been made applicable to such locally retained funds, as will be hereinafter set out.

There are many statutes with reference to how and when warrants may be drawn on the Treasury. A college, however, is authorized to collect, retain, and expend its local funds. Thus Section 1 of Article 2654d provides that the governing boards of the various schools:

". . . may retain control respectively of the following sums of money collected at each of said several institutions in carrying out the functions of an educational institution, such as funds collected from student fees of all kinds; charges for use of rooms and dormitories; receipts from meals, cafes

and cafeterias; fees on deposit refundable to students under certain conditions; receipts from school athletic activities; income from student publications or other student activities; receipts from sale of publication products and miscellaneous supplies and equipment; students' voluntary deposits of money with said schools for safe keeping; all other fees and local institutional income of a strictly local nature arising out of and by virtue of the educational activities, or research or demonstration carried on by each and all of said several schools.

"Sec. 2. The governing boards of the respective institutions . . . are authorized to select depository banks as places of deposit of all funds of the kind and character named in Section One . . ."

But the same Article further provides what money shall be deposited in the Treasury; i.e., not be retained locally:

"The provisions of this Act shall not apply to any income derived from the Permanent Fund of the University of Texas, but all income derived from the Permanent Fund of the University of Texas and all income from the two million acres of land set apart to the University of Texas by the Constitution and by the Act of 1883, shall be deposited in the State Treasury and paid out on Comptroller's warrants as is now provided by law. . . ."

Similar provisions are carried in the Act appropriating funds for the colleges. See Acts 50th Leg. (1947), Ch. 339 at page 669.[8]

---

[8] See also the Appropriations Act for Public Junior Colleges which operate largely out of local funds. It provides: "There shall be appropriated biennially from money in the State Treasury . . . an amount sufficient to supplement local funds in the proper support, maintenance, operation and improvement of the Public Junior Colleges of Texas . . ." Acts 50th Leg. (1947), Ch. 346, p. 685.

An examination of other statutes further shows that the Legislature did not contemplate that local institutional receipts should be deposited in the State Treasury. It is provided that the State Treasurer shall receive all money paid into the Treasury and give a receipt therefor. Art. 4370. By Article 4374, all money received by the Treasurer shall be kept in the safes and vaults of the Treasury. Local funds, in contrast, may be deposited in a local bank. Article 4371 provides that the Treasurer shall countersign and pay all warrants drawn on the Treasury, and that no money shall be paid out of the Treasury except on warrants of the Comptroller. Article 4374 designates the State Comptroller as the official who shall "draw warrants on the Treasury." Local funds may be spent by the colleges without the assistance of the Comptroller or Treasurer. Article 4372 provides that the Treasurer shall keep accounts of receipts and expenditures of the money of the Treasury. But Article 2654d provides that the governing boards of the local institutions shall keep account of their receipts. Articles 4382 and 4390 require the Treasurer to keep a warrant register and cash balance book. Local fund expenditures are not listed therein.

It is therefore apparent that the Legislature has made a distinction between funds which are to be placed in the Treasury and expended only on warrants on the Treasury, and local funds. Section 40 prohibits only payments out of the Treasury by warrant:

"The Accounting Officers of this State shall neither draw nor pay a warrant on the Treasury..."

A comparable situation arose in 1942 under a former Attorney General, where the question was raised as to the payment of a teacher at a State Junior College where such teacher simultaneously held the office of County School Trustee. That opinion (0-4628) concludes:

"You state in your letter that Mr. Bointnott, one of the County School Trustees, is a teacher at Lamar Junior College. His position as a teacher is clearly not an office, and Section 40 of Article 16 of our Constitution would not there apply. It is our opinion that Section 33 of Article 16 of our State Constitution is not applicable to this situation because no accounting officer of this State

> draws or pays a warrant on the State Treasury
> in favor of Mr. Bointnott as he receives his teach-
> ing salary from the funds of the school district
> which employes him. . . ."

The same result was reached where a University of Texas professor also taught in Austin High School. He could not be paid by warrant on the Treasury for his University work. But with reference to his high school pay, opinion V-325 reads:

> "This section (33) pertains only to the au-
> thority of the accounting officers of the State to
> draw or pay a warrant upon the Treasury, and
> has nothing whatever to do with the authority of
> a city as a school district to pay the salaries of
> its teachers."

The same result was reached in Opinion O-5087, where a County Treasurer also served as principal of a Corsicana high school.

Similarly, where the question was as to the compensa- tion of a Legislator, should he accept simultaneous employment with a Texas River Authority (whose salaries were not paid from the Treasury), it was held that:

> ". . . he would not be permitted to have a
> warrant issued to him for compensation as Rep-
> resentative, though he would be allowed to draw
> his pay for the position held under the River Au-
> thority." (O-6578)

We therefore hold that the person here involved may be paid from local funds of the College for his faculty services during the Legislative recess. But he may not be paid for serv- ices at the College by warrant on the State Treasury while holding the office of Legislator, even during its recess. The payments to him from the Treasury for faculty duties were therefore wrong- ful and the State is entitled to recover such money.

Since he was not being paid as a Legislator during the time he was employed at the College, and since he was not em- ployed at the College during the Legislative session, funds paid to him as a Legislator are not involved.

Before deciding what legal action should be taken to recover such money, it would seem that the Legislator should be given the opportunity to voluntarily repay such sum. If he should refuse, and you so inform us, we will proceed with that portion of your opinion request.

## SUMMARY

One person may hold the office of Legislator and an employment as a faculty member of a State college. However, he may not be paid by warrant on the Treasury for either place while holding both. But, if the Legislator teaches during the Legislative recess, he may be paid by the College out of local institutional receipts of such institution, the Constitutional inhibition relating only to payments by the State's accounting officers by warrant on the Treasury. Const. of Texas, Art. XVI, Sec. 33 and 40.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Joe R. Greenhill
Joe R. Greenhill
Executive Assistant

JRG:erc

APPROVED:

Price Daniel
ATTORNEY GENERAL